**DAIKICHI CORPORATION, d/b/a Daikichi Sushi, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 01–1473.

United States Court of Appeals, District of Columbia Circuit.

March 3, 2003.

Before TATEL and GARLAND, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

This cause was considered on the record compiled before the National Labor Relations Board, the briefs of the parties, and oral arguments by counsel.

The Board reasonably determined, based on substantial evidence in the record, that Daikichi violated Section 8(a)(1) of the Act by making certain statements to employees and violated Sections 8(a)(1) and 8(a)(3) of the Act by refusing to rehire certain employees based on union activity. Drawing an adverse inference from Daikichi's failure to produce Watanabe to testify regarding his speech was not improper under the circumstances. *Warshawsky & Co. v. NLRB,* 182 F.3d 948, 955 (D.C.Cir. 1999); *Int'l Union, UAW v. NLRB,* 459 F.2d 1329, 1344–45 (D.C.Cir.1972). Viewed in context, Lu's comments could reasonably be construed as creating an impression of surveillance. Likewise, the comments by Saito and Dipu, which would be close calls if viewed in isolation, could reasonably be interpreted as coercive in light of Watanabe's prior threats. As for the failure to rehire, the General Counsel presented a sufficient prima facie case to shift the burden of proof to Daikichi without out presenting evidence of disparate treatment. *Parsippany Hotel Mgmt. Co. v. NLRB,* 99 F.3d 413, 423–424 (D.C.Cir. 1996); *MECO Corp. v. NLRB,* 986 F.2d 1434, 1437–38 (D.C.Cir.1993). The employees may not have had a right to be rehired, but the company still had an obligation not to make its decisions on the basis of protected activity. *NLRB v. Low*

*Kit Mining Co.,* 3 F.3d 720, 726–27 (4th Cir.1993). Accordingly, it is

**ORDERED AND ADJUDGED** that the petition for review be DENIED, and the cross-application for enforcement be GRANTED.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.